**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARK RICHARD WALTERS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **NO.  EP-21-CV-00300-DCG-MAT** |
| | § | |
| **LASALLE CORRECTIONS,** | § | |
| *Defendant.* | § | |

## ORDER GRANTING "PLAINTIFF'S FIRST MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT"

Before the Court is "Plaintiff's First Motion for Leave to File Supplemental Complaint" ("Motion") filed on January 25, 2022 in the above-captioned matter. (ECF No. 10). Plaintiff is a prisoner incarcerated at West Texas Detention Center, operated by LaSalle Corrections ("Defendant"), and is proceeding *pro se* and *in forma pauperis*. (ECF No. 3); (ECF No. 4, p. 1). In the instant Motion, Plaintiff seeks to supplement his original complaint under Rule 15(d) of the Federal Rules of Civil Procedure.[1] (ECF No. 10, p. 1). Plaintiff also attaches "Plaintiff's First Supplemental Complaint" ("Amended Complaint") (ECF 10-1, p. 1-10), along with his complaint in another pending matter.[2] *Id.* at p. 11-30.

Although Plaintiff styles his Motion as a supplemental request pursuant to Rule 15(d), the Court construes his Motion as a request for leave to amend his complaint. *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (directing that "the filings of a pro se litigant are 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less

---

[1] The Court notes that it appears that the Motion was not filed in its original entirety, and may be missing a page after page one, given that the last sentence on page one is cut off mid-sentence and not continued on the next page. (ECF No. 10, p. 1-2). However, the Court does not believe this possible omission fundamentally changes the nature of the request, nor the Court's analysis.

[2] That pending matter is EP-22-CV-0035, referred to United States Magistrate Judge Anne T. Berton in the El Paso Division of the Western District of Texas.

stringent standards.'" (internal citations omitted)). A court should freely give leave to amend or supplement a complaint. *See Mass. Mut. Life Ins. Co. v. Ambassador Concessions, Inc.*, 489 F.2d 282, 283 (5th Cir. 1973). Rule 15(d) governing supplemental pleadings provides that upon motion, the court may allow a party to supplement a pleading "setting out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). Rule 15(a) on amended pleadings, however, allows a party to amend its pleading once as a matter of course generally within twenty-one days after service. Fed. R. Civ P. 15(a)(1)(A-B).[3]

Here, Plaintiff moves to add to his original complaint alleged acts that occurred before he filed the original complaint. The original complaint was filed on January 4, 2022. (ECF No. 4, p. 1). In it, Plaintiff contends that Defendant has failed to provide him with access to the courts through an allegedly inadequate prison law library. *Id.* at 5-8. However, the event which serves as the basis for Plaintiff's Motion occurred on November 25, 2021, when Plaintiff dislocated his shoulder. (ECF No. 10-1, p. 4). In his Amended Complaint (styled as a supplemental complaint), attached to the Motion, Plaintiff further alleges that he cannot sufficiently research his claim relating to supposedly substandard medical care for his shoulder "[d]ue to Defendant not providing Plaintiff reasonable legal resources."[4] *Id.* at 5.

The shoulder dislocation event Plaintiff wishes to supplement to his original complaint did not happen after the date of filing the original complaint, which is the pleading to be supplemented. *See* Fed. R. Civ. P. 15(d). Thus, the Court finds that Plaintiff seeks leave to amend, not supplement,

---

[3] "A party may amend its pleading once as a matter of course within: (1) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

[4] The Court notes that the shoulder incident also forms the basis for Plaintiff's lawsuit in EP-22-CV-0035, but under different legal theories than those he asserts in his Amended Complaint. *See* EP-22-CV-0035 (ECF No. 3, p. 8-16).

his original complaint with the Amended Complaint. Further, service has not yet been ordered nor a responsive pleading filed, and as such Plaintiff is not barred by any twenty-one day timeline to amend under Rule 15(a). *See* Fed. R. Civ. P. 15(a). Moreover, the Court does not find that any of the factors articulated in *Foman v. Davis* apply here to weigh against granting the Motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).[5]

Therefore, the Court finds that Plaintiff's Motion is well-taken and should be granted.

It is **HEREBY ORDERED** that "Plaintiff's First Motion for Leave to File Supplemental Complaint" (ECF No. 10), construed as a motion for leave to amend, is **GRANTED**.

The District Clerk's Office is **DIRECTED TO RE-DOCKET** the supplemental complaint attached to the Motion (ECF No. 10-1, p. 1-10) as an Amended Complaint, with a filing date of the date of this Order.

Prior to ordering service of process on Defendant, the Court will engage in judicial screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915.

**SIGNED** and **ENTERED** this 19th day of April, 2022.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

[5] The United States Supreme Court in *Foman v. Davis* set forth the following factors for a court to consider when presented with a motion to amend or supplement a pleading: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." 371 U.S. 178, 182 (1962). The Fifth Circuit also utilizes these factors as articulated in *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1193 (5th Cir. 1982).